**Rosa SILVA, Plaintiff(s)**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant(s).**

**CIV. No. 05–1779(JAG).**

United States District Court, D. Puerto Rico.

Jan. 9, 2007.

Pedro R. Vazquez III, representing Rosa Silva, Pedro R. Vazquez Law Office, Guaynabo, for Plaintiffs.

Ginette L. Milanes and Jose M. Pizarro–Zayas, representing Commissioner of Social Security, U.S. Attorney's Office, San Juan, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On July 14, 2005, plaintiff Rosa Silva ("Silva") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying her disability insurance benefits. (Docket No. 1). Both parties have filed memoranda in support of their respective positions. (Docket Nos. 12, 13). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Silva was born on February 21, 1961. She has an eleventh grade education and previously worked as a machine operator. On January 14, 2000, she filed an application for disability and disability insurance benefits alleging an inability to work since August 27, 1999 due to back problems, thyroid problems, depression and panic

disorder. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On April 1, 2002, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Silva was not under a disability. On August 23, 2002, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review. Silva sought review before this Court and the case was remanded to the Commissioner for additional proceedings. On November 4, 2003, the Appeals Council remanded the case to an ALJ for further proceedings and on April 14, 2004 a supplemental hearing was held on remand. On July 8, 2004, after *de novo* consideration, the ALJ found that Silva was not under a disability. Said decision is final and subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Silva bears the burden of proving that she became disabled within the meaning of the Act. *See Deblois v. Secretary of HHS,* 686 F.2d 76, 79 (1st Cir.1982). Silva may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Silva's impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment does not suffice for an award of disability insurance benefits; Silva must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Silva's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986).

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

In this case, the ALJ found that Silva suffered from an impairment or combination of impairments considered severe, but did not have an impairment or combination of impairments listed in or medically equal to the Commissioner's Listing of Impairments. The ALJ found that Silva has the residual functional capacity to do light, unskilled work activities and concluded that she was therefore not disabled. In reaching this conclusion, the ALJ considered all the medical evidence on record. However, Silva claims that the Commissioner's decision that she is not disabled within the meaning of the Act is not supported by substantial evidence, that the ALJ's decision mischaracterized what the physicians reported and that the ALJ failed to properly consider the cumulative effect of all of her impairments and complaints of lack of functioning.

First, Silva claims that the ALJ's rejection of her credibility and the severity of her psychiatric impairments as disabling is not supported by substantial evidence. The ALJ, however, based his determination that Silva's psychiatric condition was not disabling on two sources: (1) the report of an examining physician (Dr. Garcia) which gave her a good prognosis with continued treatment and did not show that

she had a functional loss related to her depressive disorder and (2) the testimony of a psychiatrist who appeared at the hearing as a medical advisor (Dr. Pou) and testified that Silva's daily activities were only mildly restricted as a result of her mental condition. The ALJ's conclusions regarding the severity of Silva's psychiatric impairments are therefore duly supported by the evidence on the record.

■ Silva further contends that the ALJ mischaracterized and misrepresented the content of the treating sources of record—Dr. Greer and Dr. Rivera–Toro—who opined that she was not able to engage in sustained work activity given her psychiatric condition. She argues that the ALJ's basis for discrediting Dr. Greer's opinion (that Silva only saw the physician only five times) and Dr. Rivera–Toro's opinion (that he only saw Silva one time and that a non-examining physician's statement is contrary to his opinion) are insufficient and improper. Silva contends that the ALJ was required to give more weight to the opinions of these two physicians. Instead, Silva claims, the ALJ assumed the role of medical expert by ignoring the contents of the reports, mischaracterizing them and not pointing to any inconsistencies to support his rejection of the physicians' opinions. The ALJ, however, considered the reports rendered by Dr. Greer and Dr. Rivera–Toro. As to Dr. Greer's report, the ALJ found it was not conclusive regarding disability as set forth in the Act and it was inconsistent with other medical evidence on the record. Consequently, Dr. Greer's report was not discredited based solely on the fact that Silva visited the physician five times, but based on the content of the report and on how it interplays with the rest of the medical evidence of record. As to Dr. Rivera–Toro's report, the ALJ also considered his report and had a permissible basis on which to reject the physician's opinion: that it was based largely on Silva's subjective complaints rather than on objective findings.

■ Silva further argues that contrary to the weight of the evidentiary record and First Circuit precedent which recognize that pain can constitute a significant non-exertional impairment, the ALJ found that Silva's residual functional capacity was not significantly affected from a non-exertional standpoint regarding her carpal tunnel syndrome, as per the opinion of a non-examining source, in spite the pain noted by the treating and examining physicians as well as Silva's reports to doctors and her testimony. Nevertheless, the ALJ did consider Silva's complaints of pain and discomfort as well as other subjective symptoms when determining whether she had a residual functional capacity to engage in light work activity. He did not discard pain as a possible non-exertional impairment but considered that in this case, it was not sufficiently severe. The basis for this finding is acceptable: the preponderance of the medical evidence, taking into account the examining physicians' opinions as well as testimony given by medical experts.

■ Silva also claims that the ALJ dismissed her thyroid condition and Grave's disease as having elapsed in violation of the SSA's regulation which requires it to evaluate as a disabling impairment any impairment that lasts a minimum of 12 months. Having lasted over 14 or 15 months, Silva contends that these conditions should have been considered for their individual effect as well as their effect when considered in conjunction with other impairments. Contrary to Silva's allegations, the ALJ did consider her thyroid condition and noted that based on the medical evidence on record, Silva had responded well to treatment without significant limitations, which is an acceptable

basis in determining disability under the Act.

■ Silva further contends that the cumulative effect of her psychiatric disability, her back pain and her carpal tunnel syndrome render her disabled, as noted by her treating psychiatrist and physicians and that the ALJ failed to give proper consideration to said cumulative effect, to her allegations of lack of functioning and to the severity of her subjective complaints. Silva is mistaken in her contention since the ALJ considered all of her symptoms and subjective complaints as well as the physicians' opinions in reaching the conclusion that she was not disabled under the Act. The ALJ considered the examining physicians' opinion that Silva was disabled due to her physical and mental impairments, but found that it was improper to give said opinions controlling weight because they were inconsistent with the rest of the medical evidence on record and were not supported by clinical findings. Therefore, proper consideration was given to these opinions but upon review of the record as a whole, the ALJ found that the cumulative effect of Silva's psychiatric disability, her back pain and her carpal tunnel syndrome did not render her disabled under the Act.

■ Additionally, Silva claims that the ALJ mistakenly indicated that she was non-compliant with treatment regimens and explains that the portions of the record upon which the ALJ supported said finding are from the time she lived in Massachusetts, where she was unable to communicate effectively with her physicians because of her lack of knowledge of the English language. The reason for the failure to follow prescribed treatment for Silva's back pain, however, was not a decisive factor in the ALJ's decision. The record shows that as of August 2000, some time after the failure to comply with prescribed treatment was reported, Silva's back pain had improved and there was no recent exacerbation of symptoms. A posterior report of failure to follow treatment, dated May 14, 2001, specifies that Silva did not take the prescribed medication for her pain. In spite of this, the ALJ concluded that the pain was not sufficiently severe as to render her disabled, so the finding that Silva voluntarily did not follow her prescribed treatment does not hurt her case.

■ Moreover, Silva claims that the ALJ failed to analyze her subjective complaints of pain and her credibility based on the factors indicated in *Avery v. Sec. H.H.S.*, 797 F.2d 19, 22, 28 (1st Cir.1986) (the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (for example, movement, activity, environmental conditions); the type, dosage, effectiveness, and adverse side effects of any pain medication; treatment other than medication for relief of pain; functional restrictions; and the claimant's daily activities). However, the ALJ did consider Silva's allegations of pain but found them not credible to the degree alleged, in light of the medical evidence on the record and the absence of a condition which would cause the alleged degree of pain.

■ The ALJ properly considered the whole of the medical evidence on the record and concluded that Silva's conditions did not render her disabled. Contrary to Silva's allegations, the ALJ did not assume the role of medical expert; he derived his findings from the testimony and reports of medical experts that studied the case and/or examined Silva. Furthermore, the ALJ properly considered the cumulative effect of all of Silva's impairments and complaints of lack of functioning. It found that Silva's disability was not sufficiently severe as to prevent Silva from performing relevant light work.

Because the ALJ's determination is sufficiently supported by the evidence on the record, the Court will accordingly affirm the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision denying Silva disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.